UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:                                                     Bankruptcy No. 24-31355

Strategic Pork Solutions LLC,

      Debtor.

---

### DEBTOR-IN-POSSESION'S MOTION FOR AUTHORITY TO SELL LAND IN FARIBAULT COUNTY

---

NOW COMES, Strategic Pork Solutions LLC, the Debtor in the above-captioned case (the "Debtor"), and file this Motion to Sell Land in Faribault County, Minnesota, and in support of its motion respectfully states as follows:

1.    The Debtor filed for relief under Chapter 11 of the United States Bankruptcy Code on May 23, 2024

2.    The Court will hold a hearing on this motion on <u>Wednesday, the 17th day of July, 2024,</u> at <u>10:00</u> o'clock a.m., or as soon thereafter as counsel may be heard, in Courtroom 8 West, 300 South Fourth Street, Minneapolis, Minnesota 55415.

3.    Any response to this motion must be filed and served by delivery not later than Wednesday July 10, 2024, which is seven (7) days before the time set for the hearing (including Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. Sec. 157 and 1134, Bankruptcy Rule 5005 and Local Rule 1070-1. This is a core proceeding. The case is now pending in this Court.

5.    Pursuant to §541 of the United States Bankruptcy Code, the estate has come into possession of a fee title interest in real property located in Faribault County, Minnesota. Said

property, commonly known as 52901 160th Street, Wells, MN 56097 (the "Property"), is legally

described as follows:

### FARIBAULT COUNTY, MINNESOTA

2.    **Parcel No. 19.015.0201**

That part of the Southeast Quarter of the Southeast Quarter (SE1/4-SE1/4) of Section
Fifteen (15), Township One Hundred Three (103) North, Range Twenty-five (25) West,
Faribault County, Minnesota, described as:  Beginning at the southeast corner of said
Section Fifteen (15); thence South 89 degrees 19 minutes 38 seconds West, (assumed
bearing), along the south line of the Southeast Quarter (SE1/4) of said Section Fifteen
(15), a distance of 720.00 feet; thence North 00 degrees 07 minutes 50 seconds West,
390.00 feet; thence North 89 degrees 19 minutes 38 seconds East, 520.00 feet; thence
South 00 degrees 07 minutes 50 seconds East, 60.00 feet; thence North 89 degrees 19
minutes 38 seconds East, 200.00 feet to a point on a straight line between the southeast
corner and the northeast corner of said Section Fifteen (15); thence South 00 degrees 07
minutes 50 seconds East, along said straight line, 330.00 feet to the point of beginning.
Said Parcel contains 6.17 acres, subject to an easement for 160th Street purposes over and
across the southerly boundary and subject to an easement for 530th Avenue over and
across the easterly boundary. ALSO subject to any other easements of record.

Proofed with Document No. 390735; JDS & CY

6.    The Debtor executed and delivered to Security Bank Minnesota a Mortgage dated

March 30, 2022, covering the Property and securing all present or future obligations to Security

Bank Minnesota, up to a maximum principal amount of $300,000.00. The Mortgage was recorded

with the Office of the Faribault County Recorder on April 4, 2022, as Document No. 390736.

7.    In addition, the Debtor executed and delivered to Security Bank Minnesota a

Mortgage dated May 19, 2023, covering the Property and security all present and future obligations

to Security Bank Minnesota, up to a maximum principal amount of $433,125.00.  The Mortgage

was recorded with the Office of the Faribault County Recorder on May 30, 2023, as Document

No. 394240.

8.    In addition, the Debtor executed and delivered to Security Bank Minnesota a

Mortgage dated October 11, 2023, covering the Property and securing all present or future

obligations to Security Bank Minnesota, up to a maximum principal amount of $439,900.00. The

2

Mortgage was recorded with the Office of the Faribault County Recorder on October 23, 2023, as Document No. 395463.

9.      Security Bank Minnesota asserts the aggregate principal balances of the loans secured by the mortgages referenced above exceeds $930,000.

10.     The Debtor estimates that the value of this Property is $770,000. The Debtor valued the Property at $770,000.00 in the Schedules. The offer to purchase is close to the amount of the Debtor's valuation and was the basis for the value in the Schedules. The offer greatly exceeds the tax assessed value. There may exist judgment liens against the Property—including a judgment docketed in Faribault County by County Line Pork LLC on April 24, 2024--but any such liens, if valid, are junior to the mortgages of Security Bank Minnesota.

11.     The sale of the Debtor's interest in the Property shall be free and clear of all liens, claims and encumbrances, and all valid liens, claims and encumbrances, if any, shall attach to the proceeds of sale of the subject Property in order of priority.  In light of the value of the Property and the outstanding balance of loans secured by the mortgages held by Security Bank Minnesota, the Debtor requests authority to deliver the net proceeds from the sale of the Property directly to Security Bank Minnesota at closing.

12.     The Debtor intends to sell the Property to Warren Scott Johnson pursuant to the attached Purchase Agreement (See Exhibit "A") for $760,000.00 plus an additional buyer's premium of $22,000.00.

13.     Subject to Court approval, the sale will be closed on July 15, 2024.

14.     The Debtor believes the sale, as proposed herein, is in the best interest of all creditors of the estate and should be approved.

3

WHEREFORE, the Debtor prays for an Order of this Court approving the sale of the

Property described herein upon the terms and conditions provided herein and for such other relief,

at law or in equity, to which the Debtor shows itself justly entitled.

Dated this 10th day of June, 2024.

> FLUEGEL, ANDERSON, MCLAUGHLIN,
> & BRUTLAG, CHARTERED
>
> /s/ David C. McLaughlin
> David C. McLaughlin
> 129 Northwest 2nd St.
> Ortonville, MN 56278
> (320) 839-2549
> Attorney License #127383

4

VERIFICATION

STATE OF MINNESOTA      )
                        ) ss.
COUNTY OF _____)

Steven Hargis, Chief Operating Officer of the corporation being first duly sworn upon oath, states that he is one of the Debtors-in-Possession in the above-entitled proceeding; that he has read the foregoing Motion for Authority to Sell Land in Faribault County, Minnesota, Free and Clear of all Liens, Claims and Encumbrances, knows the contents thereof to be true of his knowledge, except as to those matters therein stated on information and belief, and as to those matters he believes them to be true.

_____
Steven Hargis

Subscribed and sworn to before me
this 8th day of June, 2024.

_____
Notary Public

JESSICA GUERRERO
NOTARY PUBLIC
MINNESOTA
My Commission Expires 01/31/2027



## LANDPROZ

EXHIBIT A
MN AUCTION LAND PURCHASE AGREEMENT

**This contract is made between:**

Seller(s):
Strategic Pork Solutions LLC by Steve Hargis (President)

Buyer(s):  WARREN SCOTT JOHNSON

**Purchase Price:** The Total Purchase Price for the Property is
which the buyer agrees to pay as follows:                          $  782,800.00

    a.  Auction Bid Price – Total Dollars                      $  760,000.00

    b.  Buyer's Premium – Total Dollars        3%        $  22,800.00

    c.  Earnest Money - Broker's Trust Account   10%   $  76,000.00
        (Earnest Money is Non-refundable)

    d.  Balance of Purchase Price due at closing        $  706,800.00

**Property Description:** Buyer agrees to purchase and Seller agrees to sell the real property and the
improvements commonly known as:
Sect-15 Twp-103 Range-025 6.17 AC TR COM SE COR SE 1/4 TH W720' N390' E520' S60' E200' S330' TO BEG

**Closing and Possession:** Closing shall be on  or before April 15, 2024  (Closing Date) at
TBD_____, Seller will execute and deliver into escrow with the title company
or other closing agent, the  Warranty  (Warranty, Trustees, Personal Representatives, or
other) deed and all other documents and funds necessary to satisfy Seller's obligations under this contract
and to deliver **marketable title.**

**Sellers Costs:** The costs of closing, if not determined by other provisions of this Agreement, shall be paid
as follows:

    1.  Document preparation costs, recording fees, and deed tax for documents necessary to establish
        good and marketable title to Seller;

    2.  Document preparation costs, certified copy fees, and recording fees to establish the authority of the
        person acting on behalf of the Seller;

Seller Initials: _SH_____        Buyer Initials: _WSJ_____        LPA    1 of 9

EXHIBIT A

3.  Document preparation costs for Seller's deed or contract for deed, Certificate of Real Estate Value, Seller's Affidavit, well disclosure certificate (if applicable), and any other documents necessary to transfer good and marketable title to Buyer by Sellers deed;

4.  Deed tax on Seller's deed and the Agricultural Conservation deed tax charged under Minn. Stat. 40A.152.

5.  Fees payable to Seller's lawyer or to a closer for conducting the title transfer portion of closing; and the following:

6.  _____

**Buyer's Costs:** Buyer shall pay the following at closing:

1.  Document preparation costs, recording fees, and mortgage registry taxes for documents necessary for Buyer's mortgage financing;

2.  Document filing fee for a Well Disclosure Certificate if applicable;

3.  Agricultural Conservation deed tax on Buyer's mortgage deed charged under Minn. Stat. 40A.152.

4.  Loan closers fee

5.  Recoding the deed, contract for deed or other instrument of conveyance where Buyer is grantee; and the following:

6.  _____

**Earnest Money:** Upon Final Acceptance Date the earnest money shall be deposited into the Brokers Trust Account.  It shall remain there until it is sent to the Escrow Agent for closing on the property. In the event the Seller cannot provide clear and marketable title and meet the terms of Closing and Possession, the earnest money will be refunded to the  X _____Buyer or _____Seller. If the Buyer fails to close and the Seller requests and receives the earnest money as the total liquidated damages, then upon disbursement to Seller the earnest money shall be paid first towards broker/agent, or any broker/agent fees, or broker/agent cash advances made on behalf of the Seller. Commission is not part of the costs, fees, or cash advance.

Seller and Buyer acknowledge all funds required for closing must be in the form of cashier's check, wire transfer or other certified funds.

When all documents and funds have been executed and delivered into escrow with the title company, the closing will be completed.  Seller will deliver possession of the property to Buyer by the time of closing unless otherwise stated in the agreement.

Seller Initials: _____ _____    Buyer Initials: _____ _____    LPA    2 of 9

LandProz Real Estate, LLC | LandProz Country Living, LLC | LandProz of Indiana, LLC 111 East Clark Street, Albert Lea, MN 56007 • 1-844-GO-4-Proz • 507-373-5660
Broker Brian Haugen – MN, SD, IA, WI, IL, KS, MO • Broker Auctioneer Greg Jensen – MN, IA – 24-21 Broker Glen Salow – IA • Broker Tim Young – OH • Broker Andrew Fansler – IN

EXHIBIT A

Buyer must not occupy or place personal property on the property prior to completion of closing unless otherwise agreed upon in writing between Buyer and Seller.


**Evidence of Title:**

1. Seller at their expense shall obtain an abstract of title to the property continued through the date of acceptance of this offer and deliver it to Buyer for examination. Buyer is responsible for the cost of a title opinion. It shall show marketable title and Sellers names in conformity with this purchase agreement, Minnesota law and Title Standards of the Minnesota State Bar Association. Sellers shall pay the costs of any additional abstracting and title work due to any act or omission of Sellers, including transfers by or the death of Sellers or their assigns.

If at the time of closing there remains unresolved title objections the parties agree to:

 __x__ Escrow from the sale proceeds a sufficient amount to protect the Buyer's interest until objections are corrected.

 _____ Buyers have the option to cancel this purchase agreement if marketable title cannot be obtained within 90 days after any title objections.

2. If abstract is unable to be found or is unreasonably available, Seller shall provide and pay for an owner's policy of title insurance without standard exceptions for the Property from a title company as agreed to by the Parties, insuring Buyer's marketable title in the amount of the Purchase Price. Seller shall apply for a title commitment within 10 days of the execution of this Agreement by all Parties.

a. Upon receipt of the commitment, Buyer will have 14 days to provide Seller with written notice of any title objections. Buyer failure to make objections within such time period will constitute waiver of objections. Any matter shown in the commitment and not objected to by Buyer will be a "permitted encumbrance."

b. Seller will have thirty (30) days after receipt of objections to cure the objections, during which period the Closing may be amended as necessary. Seller shall use its best efforts to correct any objections. If the objections are not cured within such thirty (30) day period, Buyer will have the following options:

1. Terminate this Agreement.

2. Withhold from the Purchase Price an amount which, in the reasonable judgment of Buyer, is sufficient to assure cure of the objections. Any amount so withheld will be placed in escrow with the Closing Agent pending such cure. If Seller does not cure such objections within ninety (90) days after such escrow is established, Buyer may then cure such objections and charge the costs of such cure (including

Seller Initials: _____ _____   Buyer Initials: __WSJ__ _____      LPA   3 of 9

**EXHIBIT A**

reasonable attorneys' fees) against the escrowed amount. If such escrow is established, the Parties agree to execute and deliver such documents as may be reasonably required by the Closing Agent, and Seller agrees to pay the charges of the Closing Agent to create and administer the escrow.

3. Waive the objections and proceed to close.

c. If title is made marketable as provided herein by Seller, and Buyer defaults in any of the agreements contained in this Agreement, Seller may elect either of the following options, as permitted by law

1. Cancel this contract as provided by statute.

2. Seek specific performance of this Agreement within six (6) months after such right of action arises, including costs and reasonable attorneys' fees, as permitted by law.

**Buyer has the right to obtain title insurance instead of, or in conjunction with an abstract, but such policy is at sole expense of Buyer.**

**1031 Tax Deferred Exchange:** If either the Seller or the Buyer is performing a 1031 Tax Deferred Exchange in connection with this sale, both the Seller and Buyer agree to cooperate to execute that exchange.

**Government Programs:** Buyer acknowledges that it is their responsibility to research and/or uphold any government programs that could be or are currently in place on the property. Buyer is not relying on any other representations regarding accessing government programs.

Government Program payments will be prorated to the date of closing unless otherwise stated.

**Condition, Maintenance, and Inspections of the Property:** Utilities - Seller agrees to leave all utilities on until the date of possession unless otherwise agreed.

Maintenance of Property - Seller will maintain the property in its present condition through the possession date. Seller will advise Buyer of any substantial change in the condition of the property prior to closing date. Seller shall remove all personal property upon vacating the property, unless stated in this contract.

**Insurance & Casualty Loss:** Seller will continue to provide any current insurance coverage until closing. If before delivery of the deed to Buyer, improvements on the property are damaged or destroyed by fire or other causes including those that could be covered by what is known as fire and extended coverage

Seller Initials: _____   _____   Buyer Initials: [WSJ] _____   LPA   4 of 9

EXHIBIT A

insurance, then the Seller must notify the Buyer in writing with 24 hours of such damage.  The parties agree that the damages will be remedied by the Seller by date of closing, unless otherwise agreed upon in writing.

**Survey:**

___X___ Seller, at Seller's expense, will provide a Survey for the property only if necessary to establish clear title.

_____Buyer, at Buyer's expense, will provide a Survey for the Property prior to the closing date.


_____Seller, at Seller's expense, will provide a Survey for the Property prior to the closing date.

_____Seller & Buyer agree to split the cost of the Survey.

_____Seller & Buyer agree a Survey will not be provided.

_____Other:

**Lease Agreement:**

_____X___ No there currently are no lease agreements on the property.

_____ Yes this property is subject to a current lease. The income shall be divided as follows:

_____ Seller to retain the lease income from _____ (date) and before;

_____ Buyer to receive the lease income from _____ (date) and thereafter;

_____ Seller and Buyer to prorate the lease income to the date of closing;

_____ See additional Terms and Condition for how income shall be divided.

**Taxes:**  Seller and Buyer agree to the following tax obligations:

_____Seller and Buyer to prorate taxes to the date of closing.  Seller shall pay taxes up to the date of closing and Buyer shall pay taxes and any unpaid installments of special assessments thereafter.

___X___ Seller to pay taxes due in the year 2023 and those prior to that year including any delinquent taxes.  Buyer shall pay the taxes due in the year 2024 and any unpaid installments of special assessments payable in that year and thereafter.

**Addenda:**   The following Addenda (riders, supplements, etc.) are attached and are a part of this contract:

_____ Sellers Disclosures;

Seller Initials: _____   _____      Buyer Initials: [WSJ]  _____          LPA    5 of 9

DocuSign Envelope ID: 91C2D2A5-DB03-4306-A8DB-FBC57 691655

_____ Other: _____

**EXHIBIT A**

**Additional Terms and Conditions:**

_____ No, there are not any additional terms.

_____ Yes, there are additional terms and conditions and they will be described as follows:

Other Additional Terms and Conditions:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

**Contingencies:**  Seller & Buyer both agree this Purchase Agreement is not contingent upon any terms or conditions other than what is stated in or attached to this contract.

Seller Initials: _____  _____    Buyer Initials: _____  _____          LPA     6 of 9

**Brokerage Relationship:**                                                    # EXHIBIT A

Seller and Buyer acknowledge the Real Estate Brokerage Disclosure has been furnished to them.

Seller and Buyer acknowledge the Real Estate License involved in this transaction may be acting as Agents of the Seller, Agents of the Buyer, Transaction Broker or Disclosed Dual Agents.

a. Agent for the Seller has a duty to represent the Seller's interest and will not be the Agent of the Buyer.

b. Agent for the Buyer has the duty to represent the Buyer's interest and will not be the Agent of the Seller.

c. Transaction Broker (Facilitator) is not an Agent for either party and does not advocate for the interest of either party.

d. Disclosed Dual Agency is acting as an Agent for both the Seller and Buyer.

**Broker/Agent assisting Seller is a:**          **Broker/Agent assisting Buyer is a:**

____X____ Seller's Agent                          _____ Buyer's Agent

_____ Buyer's Agent                           _____ Seller's Agent

_____ Transaction Agent (Facilitator)        _____ Transaction Agent (Facilitator)

_____ Disclosed Dual Agent                    _____ Disclosed Dual Agent

_____                    _____
Broker and/or Agent assisting Seller              Broker and/or Agent assisting Buyer
                                                  *Warren Scott Johnson*
                                                  6C9C4FEF7CD5428...
_____                    _____
Seller                                            Buyer

_____                    _____
Seller                                            Buyer

Seller Initials: _____ _____    Buyer Initials: __WSJ__ _____        LPA    7 of 9

LandProz Real Estate, LLC | LandProz Country Living, LLC | LandProz of Indiana, LLC 111 East Clark Street, Albert Lea, MN
56007 • 1-844-GO-4-Proz • 507-373-5660
Broker Brian Haugen – MN, SD, IA, WI, IL, KS, MO • Broker Auctioneer Greg Jensen – MN, IA – 24-21 Broker Glen Salow –
IA • Broker Tim Young – OH • Broker Andrew Fansler – IN

**Compensation:** Brokerage fees, brokerage commission, and other fees will be paid out at closing. Seller and Buyer understand and agree Brokers may be compensated by more than one party in the transaction. This applies to all contracts & agreements, and/or terms relating to the subject property in this Purchase Agreement. There will be a buyer's fee added to the final bid price per the seller's listings agreement. Buyer agrees to pay the total bid price with the buyer's fees included and the sellers agree to provide payment from the seller's proceeds at closing. There is no agency to the buyer.

Brokers are being compensated by:   Seller_____   Buyer_____   Both__X__          EXHIBIT A

_____
Broker and/or Agent assisting Seller

_____
Broker and/or Agent assisting Buyer
Warren Scott Johnson
6C9C4FEF7CD5428...

_____
Seller

_____
Buyer

_____
Seller

_____
Buyer

**Electronic Signature:** All Parties agree the electronic signature of any party on any document relate to this transaction constitute valid, binding signatures.

**Please review all of the terms and conditions in this agreement before you move on to the final signature page.**

(THIS PORTION OF THE PAGE IS INTENTIONALLY LEFT BLANK)

Seller Initials_____   Buyer Initials: WSJ _____          LPA    8 of 9

LandProz Real Estate, LLC | LandProz Country Living, LLC | LandProz of Indiana, LLC 111 East Clark Street, Albert Lea, MN 56007 • 1-844-GO-4-Proz • 507-373-5660
Broker Brian Haugen – MN, SD, IA, WI, IL, KS, MO • Broker Auctioneer Greg Jensen – MN, IA – 24-21 Broker Glen Salow – IA • Broker Tim Young – OH • Broker Andrew Fansler – IN

EXHIBIT A

CAREFULLY READ THE TERMS OF THIS AGREEMENT BEFORE SIGNING.  WHEN SIGNED BY ALL
PARTIES, THIS DOCUMENT BECOMES PART OF A LEGALLY BINDING CONTRACT.  CONSULT AN
ATTORNEY IF YOU DO NOT UNDERSTAND ANY PART OF THIS CONTRACT.

If applicable, Seller hereby authorizes Closing Agent to obtain payoff information from Seller's lender.

| | | | |
|---|---|---|---|
| Seller | Date | Buyer | Date |
| | | | |
| Seller | Date | Buyer | Date |
| | | | |
| Address | | Address | |

Broker/Agent assisting Seller                    Broker/Agent assisting Buyer

Seller Initials: _____   Buyer Initials: _____        LPA   9 of 9

LandProz Real Estate, LLC | LandProz Country Living, LLC | LandProz of Indiana, LLC 111 East Clark Street, Albert Lea, MN
56007 • 1-844-GO-4-Proz • 507-373-5660
Broker Brian Haugen – MN, SD, IA, WI, IL, KS, MO • Broker Auctioneer Greg Jensen – MN, IA – 24-21 Broker Glen Salow –
IA • Broker Tim Young – OH • Broker Andrew Fansler – IN

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY #24-31355 |
| | Chapter 11 |
| Strategic Pork Solutions LLC, | |
| Debtor. | |

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

The undersigned, being an employee of Fluegel, Anderson, McLaughlin & Brutlag, Chartered declares that on the date indicated below, I served true and correct copies of the following:

- DEBTOR-IN-POSSESSION'S MOTION FOR AUTHORITY TO SELL LAND IN FARIBAULT COUNTY

upon the entities named below by first class mail postage prepaid and by first class mail postage prepaid to a domestic or foreign corporation or upon a partnership or other unincorporated association to the attention of a managing agent, or by certified mail prepaid to an insured depository institution addressed to an officer of the institution and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

Internal Revenue Service
Wells Fargo Place
30 E 7th St
Mail Stop 5700
St. Paul, MN 55101

Internal Revenue Service
Centralized Insolvency Operations Unit
PO Box 7346
Philadelphia, PA 19101

AND ALL CREDITORS ON ATTACHED MATRIX.

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: June 11, 2024                                        /e/ Chelsie A. Gere

Label Matrix for local noticing
0864-3
Case 24-31355
District of Minnesota
St Paul
Wed May 29 14:00:36 CDT 2024

Strategic Pork Solutions, LLC
126 South Broadway
Wells, MN 56097-1628

St Paul
200 Warren E. Burger Federal Building
and U.S. Courthouse
316 N Robert St
St Paul, MN 55101-1495

ACP, LLC
1750 W 23rd Street
Fremont NE 68025-6607

Advanced Livestock
PO Box 294
Fulda MN 56131-0294

Agrisompo of North America
7101 82nd Street
Lubbock TX 79424-4703

Agvet Supply, PLLC
203 Commerce Drive
Webster City IA 50595-2304

Blue Cross Blue Shield
PO Box 860448
Minneapolis MN 55486-0448

Brooke S. Jacobs
6701 Westown Parkway, Suite 10
Brick Gentry, P.C.
West Des Moines IA 50266-7703

Central Farm Service
233 W. Ciro Street
Truman MN 56088-2018

Christina Hargis
126 S. Broadway
Wells MN 56097-1628

County Line Pork, LLC
1350 W Prairie Drive
Sycamore IL 60178-3166

Doug Becker
SPS Grower
150th Street
Easton MN 56025

Foley & Mansfield
250 Marquette Ave
Ste 1200
Minneapolis MN 55401-1874

Hawkins Inc
PO Box 860263
Minneapolis MN 55486-0263

Innovative Agricultural Soluti
1416 Panoramic Court
Ames IA 50010-4188

Joe Druffel
12742 590th Avenue
Wells MN 56097-4715

KH Trucking
744 12th Avenue NE
Hampton IA 50441-1120

Lager's of Mankato
307 Raintree Road
Mankato MN 56001-4817

Larry Mohrinkel
42631 750th Ave.
Saint James MN 56081-4559

Maschka, Reidy, Ries & Andrews
151 St. Andrews Court
Building 1010
Mankato MN 56001-8818

Minnesota Enery Resources
PO Box 6040
Carol Stream IL 60197-6040

Pig Express Inc.
40 52nd Way Northeast
Fridley MN 55421-1014

Pro-Cooperative
PO Box 189
Pocahontas IA 50574-0189

Security Bank Minnesota
437 Bridge Ave.
Albert Lea MN 56007-2954

Small Business Administration
409 3rd St., SW
Washington DC 20416-0002

Steven Hargis
126 S. Broadway
Wells MN 56097-1628

US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415-3070

Verterinary Pharmaceutic
2008 North Sunrise Drive
Saint Peter MN 56082-5384

Warren Johnson
125th St.
Wells MN 56097

David C. McLaughlin

Fluegel Anderson McLaughlin & Brutlag

129 2nd St NW

Ortonville, MN 56278-1408

Mary Sieling

150 South Fifth Street

Suite 3125

Minneapolis, MN 55402-4221

End of Label Matrix

Mailable recipients    31

Bypassed recipients     0

Total                  31

WAUNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:                                                    Bankruptcy No. 24-31355

Strategic Pork Solutions LLC,

        Debtor.

---

**ORDER AUTHORIZING SALE OF LAND IN FARIBAULT COUNTY, MINNESOTA,
FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES,
TO WARREN SCOTT JOHNSON**

---

On this 17th day of July, 2024, came to be considered the Debtor-in- Possession's Motion

for Order Authorizing Sale of Land in Faribault County, Minnesota, Free and Clear of All Liens,

Claims and Encumbrances filed by Strategic Pork Solutions LLC , the Chapter 11 Debtor-in-

Possession of the above-referenced bankruptcy estate (the "Debtor") seeking to sell the following

real estate in Faribault County, Minnesota, to-wit (the "Property"):

### FARIBAULT COUNTY, MINNESOTA

2.   **Parcel No. 19.015.0201**

That part of the Southeast Quarter of the Southeast Quarter (SE1/4-SE1/4) of Section Fifteen (15), Township One Hundred Three (103) North, Range Twenty-five (25) West, Faribault County, Minnesota, described as:  Beginning at the southeast corner of said Section Fifteen (15); thence South 89 degrees 19 minutes 38 seconds West, (assumed bearing), along the south line of the Southeast Quarter (SE1/4) of said Section Fifteen (15), a distance of 720.00 feet; thence North 00 degrees 07 minutes 50 seconds West, 390.00 feet; thence North 89 degrees 19 minutes 38 seconds East, 520.00 feet; thence South 00 degrees 07 minutes 50 seconds East, 60.00 feet; thence North 89 degrees 19 minutes 38 seconds East, 200.00 feet to a point on a straight line between the southeast corner and the northeast corner of said Section Fifteen (15); thence South 00 degrees 07 minutes 50 seconds East, along said straight line, 330.00 feet to the point of beginning. Said Parcel contains 6.17 acres, subject to an easement for 160th Street purposes over and across the southerly boundary and subject to an easement for 530th Avenue over and across the easterly boundary. ALSO subject to any other easements of record.

Proofed with Document No. 390735; JDS & CY

Appearances are noted of record.

The Court finds that proper notice was given to all creditors and parties in interest, and the

Court, having been advised that the Debtor has no pending objections to the proposed sale, and the

6

Court having further considered the Debtor's Motion, and being of the opinion that the Property should be sold to Warren Scott Johnson under the terms and conditions described in Exhibit A to the Motion for the price of $760,000.00 with Buyer paying buyer's premium of $22,000.00.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Debtor is hereby authorized to sell its interest in the Property to Warren Scott Johnson, free and clear of all liens, claims and encumbrances, and all valid liens, claims and encumbrances, if any, shall attach to the proceeds of the sale, including but not limited to the following:

1.      Security Bank Minnesota Mortgage dated March 30, 2022 and recorded with the Office of the Faribault County Recorder on April 4, 2022, as Document No. 390736.

2.      Mortgage dated May 19, 2023 and recorded with the Office of the Faribault County Recorder on May 30, 2023, as Document No. 394240.

3.      Security Bank Minnesota Mortgage dated October 11, 2023 and recorded with the Office of the Faribault County Recorder on October 23, 2023, as Document No. 395463.

4.      The Debtor shall deliver the net proceeds from the sale of the Property to Security Bank Minnesota at the sale closing.

5.      Any judgments docketed in Faribault County are released as there is no equity in the Property based on the balance of the loans secured by the mortgages referenced above.

Dated:


_____
Katherine A. Constantine
Judge of Bankruptcy Court


7

MN 1002593.1