UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:

Strategic Pork Solutions, LLC.              Case No. 24-31355
                                            Chapter 11 Case, Subchapter V
    Debtor.

## MOTION OF SUBCHAPTER V TRUSTEE FOR POST-PETITION SECURITY DEPOSIT

1.    Mary F. Sieling, the Subchapter V trustee, moves the court for entry of an order that the debtor provide a security deposit to be held for trustee fees awarded by the court in this case.

2.    The court will hold a hearing on this motion on **Wednesday, July 17, 2024, at 10:00 a.m.** in Courtroom 8 West, at the United States Courthouse, at 300 South Fourth Street, Minneapolis, Minnesota 55415.

3.    Any response to this motion must be filed and served not later than **Wednesday, July 10, 2024,** which is seven days before the time set for the hearing (including Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY SERVED AND FILED, THE COURT MAY ENTER AN ORDER GRANTING THE REQUESTED RELIEF WITHOUT A HEARING**.

4.    This court has jurisdiction over this application under 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this case under chapter 11, subchapter v, was filed on May 23, 2024. The case is now pending in this court.

5.    On May 24, 2024, the applicant was appointed as the subchapter V trustee in this case [ECF No. 2].

6. Subchapter V cases require the appointment of a trustee in every case. 11 U.S.C. § 1183.

7. The trustee is not a standing trustee and thus was not appointed pursuant to 28 U.S.C. § 586(b). Rather, the trustee was appointed as a disinterested person to serve as trustee in this case by the United States Trustee under § 1183(a).

8. The trustee is subject to the statutory duties set forth in § 1183. The trustee has a fiduciary responsibility to the bankruptcy estate, and has an obligation to monitor the case, assess the financial viability of the debtor, communicate with creditors, and facilitate the development of a consensual plan of reorganization.

9. The trustee is compensated on an hourly basis, and all payments made to the trustee are to be from funds held by the debtor. The payment of trustee fees must made by motion and are subject to court approval.

10. To insure payment can be made to the trustee when fees are awarded, the trustee requests a post-petition security deposit of $3,000.00 ("Security Deposit") be paid to the trustee.

11. The trustee requests the Security Deposit be paid within seven (7) days following court approval.

12. The trustee will deposit the Security Deposit into a Subchapter V Trustee designated bank account, and the funds shall remain in the account until such time as the court awards compensation of fees and reimbursable costs to the trustee with any excess funds from the Security Deposit returned to the debtor.

**WHEREFORE,** the trustee requests that this motion be granted; that the debtor be ordered to pay the trustee a security deposit of $3,000 within seven (7) days of such order; that the trustee will deposit the security deposit into a designated bank account, and the funds will remain in the

account until such time as this court awards compensation of fees and reimbursable costs to the trustee and at such time the trustee may use the security deposit toward the payment of any such awarded fees, with any excess funds remaining upon the closing of this case to be returned to the debtor.

Dated: June 26, 2024　　　　　　　　　　　　　*s/ Mary F. Sieling*
　　　　　　　　　　　　　　　　　　　　　　　Mary F. Sieling (#389983)
　　　　　　　　　　　　　　　　　　　　　　　150 South Fifth Street, Suite 3125
　　　　　　　　　　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　　　　　　　　　　Phone: (612) 465-0901
　　　　　　　　　　　　　　　　　　　　　　　Email: mary@mantylaw.com