# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: | Bankruptcy No.: 24-31355 |
| STRATEGIC PORK SOLUTIONS LLC, | Chapter 11 |
| Debtor. | |

## MODIFIED PLAN OF REORGANIZATION UNDER SUBCHAPTER V OF CHAPTER 11 - DATED OCTOBER 23, 2024

### ARTICLE 1: SUMMARY

This Modified Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Strategic Pork Solutions LLC (the "Debtor") with all of the projected disposable income of the Debtor for a sixty (60) month period. The Plan provides for two (2) classes of secured claims; one (1) class of unsecured claims; and one (1) class of equity holder claims. This Plan provides that two (2) claims (Small Business Administration and County Line Cooperative) are unsecured and treated in class two (2) and five (5). This Plan also provides for full payment of administrative and priority claims (to the extent permitted by the Code or the claimant's agreement).

Each creditor should thoroughly read this Plan for an explanation of the precise treatment of the applicable claims. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one**.)

The Debtor intends to seek confirmation of this Plan under Section 1191 of the Bankruptcy Code. The Debtor strongly encourages unsecured creditors to vote in favor of the Plan. The Plan is in the best interests of creditors. The alternative to confirmation of the Plan, and distribution of the payments required under the Plan, is a chapter 7 liquidation. The liquidation analysis attached as Exhibit A demonstrates that unsecured creditors will receive more favorable treatment under the Plan than in a liquidation.

The Debtor is no longer a functioning business and this Plan is a liquidation Plan. There are no assets available to pay unsecured creditors. All remaining assets of the Debtor will be surrendered to Class 1 creditors.

### ARTICLE 2: CLASSIFICATION OF CLAIMS AND INTERESTS

Class 1 consists of the allowed secured claim under 11 U.S.C. § 506 of Security Bank Minnesota ("Security Bank") (secured by all assets of the Debtor).

Class 2 consists of the allowed general unsecured claims of various creditors, including the unsecured deficiency claim of Security Bank. This class also includes the claim of County Line Pork LLC. County Line Pork may claim a judgment lien on the Debtor's real estate but said claim is a voidable preferential transfer as it was docketed in Minnesota within 90 days before the Debtor's bankruptcy filing. In addition, Security Bank, after receiving its collateral as contemplated in Section 4.01 of this Plan will have an unsecured deficiency claim of approximately $750,000.

## ARTICLE 3: TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIORITY TAX CLAIMS AND COURT FEES

3.01   Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

The IRS may file a Proof of Claim in the amount of $5,681.38 for year 2023.

3.02   Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (or as soon as practicable thereafter), in cash, or the date on which the Bankruptcy Court enters and order allowing such Administrative Expense, unless the Holder of such Claim agrees to less favorable treatment with respect to such claim.

3.03   United States Trustee/Professional Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE 4: TREATMENT OF CLAIMS AND INTERESTS

Claims and interests shall be treated as follows under this Plan:

4.01   Class 1: Class 1 is the allowed secured claim of Security Bank and has a perfected security interest in all assets of the Debtor. The balance of this claim is approximately $$1.25 million. The Debtor elects to sell to Security Bank via credit bid the following collateral ("Surrendered Collateral") in satisfaction of the secured claim of Security Bank against all the Debtor's assets:

- a. Parcel 1 from Schedules;
  Parcel 2 has been sold and the net proceeds totaling $757,129 were paid to Security Bank and applied against the outstanding claim held by Security Bank; and
  Parcel 3 from Schedules
- b. Debtor's accounts receivable listed in the Schedules, with a face value of $400,000, but are of questionable actual value. Security Bank will dispose of these assets as it deems appropriate.
- c. Debtor's equipment as follows:
  - i. Bobcat Skidloader
  - ii. Portable loading chute for hogs
- d. Other miscellaneous machinery and equipment.

2

      e.      Motor vehicles where Security Bank is listed on title card as follows:
            i.      2004 FB Trailer;
            ii.     2021 Lincoln Navigator;
            iii.    2019 Ram Pickup 350; and
            iv.    2007 Chevy Pickup.

The Surrendered Collateral does not include the equipment identified in the motion to sell equipment at docket no. 31 as the Bankruptcy Court has already authorized the sale of that equipment and distribution of proceeds pursuant to an order entered at docket no 36.

The total value ascribed to the surrender and/or transfer of all the Surrendered Collateral identified above is approximately $500,000. This would leave Security Bank with a deficiency (unsecured) claim of approximately $750,000.

The transfer of the Debtor's interest in the Surrendered Collateral to Security Bank shall be free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363(f) , including any liens, claims and encumbrances asserted by the U.S. Small Business Administration and County Line Cooperative, which are junior in priority to Security Bank.

Class 1 is impaired and is entitled to vote to accept or reject the Plan.

4.02    <u>Class 2</u>: General Unsecured Claims. "General Unsecured Claims" are not secured by property of the estate and not entitled to priority under Section 507 of the code. Class 2 consists of all the general unsecured claims against the Debtor. As of the date hereof, the Debtor estimates the total pool of allowed general unsecured claims to be $1,900,000.00 plus the unsecured deficiency held by Security Bank of approximately $750,000, based on Debtor's records and claims filed. Security Bank however, agrees to waive any right to distribution as a Class 2 claimant under the Plan. <u>The Debtor is surrendering all of its assets to Security Bank and there will be no distribution to the unsecured class, absent an unexpected discovery of an unsecured asset which is doubtful. The Debtor pledges its net disposable income to the payment of this class, but as the Debtor does not anticipate on having any ongoing operations or assets, distribution to General Unsecured Claims is not expected under this Plan.</u>

Class 2 is impaired and is entitled to vote to accept or reject the Plan.

4.03    <u>Class 3</u>: County Line Cooperative Claims. "County Line" obtained Judgment against the Debtor in Illinois and docketed the Judgment in Faribault County on April 3, 2024, court file no. 22-CV-24-167. Said Judgment was docketed against the Debtor's property located in Faribault County and was a preferential transfer as it was docketed (i.e., perfected) with 90 days of filing of the Debtor's bankruptcy case on May 23, 2024. As a result of the preferential transfer, the Judgement is void and of no value. Further, any lien claimed by Count Line, would be wholly unsecured as it is junior and subordinate to the lien of Security Bank. The unsecured claim of County Line will receive a pro rata share of any distribution made to Class 2 General Unsecured Claims. For the avoidance of doubt, the Debtor does not anticipate any distribution to Class 2 or Class 3 creditors.

Class 3 is impaired and is entitled to vote to accept or reject the Plan.

4.04    Class 4: Kubota. This class is secured by a purchase money security interest in the equipment referenced in the motion to sell equipment of docket no. 31. The order to sell was approved on October 16, 2024 as docket no. 36. The full amount owed on this claim will be paid from the proceeds of the sale as the order to sell provides.

4.05    Class 5: Small business Administrative (SBA) SBA claims a lien on the Debtor's assets. This claim is wholly unsecured as it is junior and subordinate to the lien of Security Bank. The unsecured claim of SBA will receive a pro-rata share of the unsecured asset pool along with other unsecured creditor[s] as addressed in Class 2 of this Plan. Again, no payment is expected. Class 5 is impaired and is entitled to votes to accept or reject the Plan.

4.06    Class 6: Equity Holders of the Debtor. This class consists of all ownership interests in Strategic Pork Solutions LLC. Steven Hargis and his spouse own 100% of such interests and they shall retain their respective interests in the reorganized Debtor, until the liquidation on the remaining assets of the Debtor.

Class 6 is impaired and is entitled to vote to accept or reject the Plan.

**ARTICLE 5: ALLOWANCE OR DISALLOWANCE OF CLAIMS**

5.01    Disputed Claims: A "Disputed Claim" shall mean a claim that has not been allowed or disallowed by a final non-appealable order., and as to which either: (a) a proof of claim has been filed or deemed filed, and the debtor or another party in interest has filed an objection; or (b) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Payments and Distributions with Respect to Disputed Claim: No payments of distributions will be made in respect of a disputed claim until such claim has been allowed by a final, non-appealable order.

5.03    Settlement of Disputed Claims: The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**ARTICLE 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

6.01    Assumed Executory Contracts and Unexpired Leases: The Debtor does not assume pursuant to 11 U.S.C. § 365(a) and any executory contracts.

6.02    Rejection of Executory Contracts and Unexpired Leases: Any executory contract or unexpired lease that (i) has not been expressly assumed or rejected with approval by order of the Bankruptcy Court on or prior to the Confirmation Date, and (ii) is not the subject of a motion to reject pending as of the Confirmation Date will, as of the Confirmation Date, and subject to this section, be deemed to have been rejected by the Debtor. A Proof of Claim for any claim arising from the rejection of any executory contract or unexpired lease must be filed with the Bankruptcy Court no later than 30 days after entry of the order confirming this Plan.

**ARTICLE 7: MEANS OF IMPLEMENTATION**

7.01 <u>Vesting and Future Income</u>: On the Effective Date, all of the Debtor's respective rights, title, and interest in and to all assets shall vest in the reorganized Debtor, and in accordance with section 1141 of the Bankruptcy Code. The Debtor will sell and/or transfer all of its assets, which are fully encumbered, according to the terms of the Plan. As there are no expected unencumbered assets or funds available to pay unsecured creditors, the best interest of creditors test is satisfied.

7.02 <u>Preservation of Causes of Action.</u>: In accordance with section 1123(b)(3) of the Bankruptcy Code and except as otherwise provided in this Plan, the reorganized Debtor shall retain all causes of action, including causes of action that may exist under sections 542, 544 through 550 and 558 of the Bankruptcy Code or under similar state laws (collectively, the "Retained Actions"), if any. At the date of this Plan, the Debtor is not aware of any such Retained Actions, or if there are any such Retained Actions, the Debtor does not feel the cost of pursuing such Retained Actions would yield a net positive result. The Debtor will have the right to enforce, bring, release, settle or compromise the retained actions, subject to approval of the Bankruptcy Court, including approval of professional fees and expenses with respect to the retained actions. The Debtor shall hold the proceeds of the Retained Actions, if any, in an interest-bearing account pending distribution to unsecured creditors as additional payments to Class 2 creditors.

7.03 <u>Confirmation Pursuant to Section 1191 of the Bankruptcy Code:</u> The Debtor's petition for relief elected to have subchapter V of Chapter 11 to apply to this case. The Debtor requests that the Bankruptcy Court confirm this Plan in accordance with section 1191 of the Bankruptcy Code.

7.04 <u>Default</u>:

- a. Notice of Default: If the Debtor fails to timely make a payment due to any class of this Plan, if the Debtor defaults any other terms of this Plan, if any default occurs under the loan documents, the relevant creditor may send a written notice of default to the Debtor. Notices of default must be in writing and delivered by first class mail to:

    Strategic Pork Solutions	Fluegel, Anderson, McLaughlin & Brutlag
    Attn: Steve Hargis	Attn: David C. McLaughlin
    126 S. Broadway	129 NW 2nd Street
    Wells, MN 56097-1628	Ortonville, MN 56278

- b. Remedy: If the Debtor fails to cure within 30 days of such notice from a creditor, the relevant creditor shall be entitled to file an affidavit of default and obtain stay relief with respect to any collateral subject to its liens.
- c. Bank Remedy: If Debtor defaults on any obligation to make payments to Security under this Plan, or any action described above, Bank is entitled to give the Debtor the default notice under this section, 7.04, and if not cured by the deadline, Bank is allowed to commence foreclosure proceedings.
- d. Class 2 Remedy: If Debtor fails to make payment to these creditors on the Effective Date, these creditors are entitled to give the Debtor the default notice under 7.04 and if not cured by the deadline, these creditors can pursue state court collection remedies.

7.05    Distribution of Plan Payments.  Any payments under this Plan, if any, will be made directly by the Debtor.

**ARTICLE 8: GENERAL PROVISIONS**

8.01    Definitions. The definitions and rules of construction set forth in Sections 101 and 102 of the Bankruptcy Code shall apply unless a term is otherwise defined in this Plan, and as supplemented by the following definitions:

- "Effective Date": The effective date of this Plan is the first business day following the date that is 30 days after the confirmation order has become a final order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

8.02    Severability. If any term of this Plan is held by the Bankruptcy Court to be invalid or unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.03    Binding Effect of this Plan. The provisions of this Plan will be binding upon and inure to the benefit of the Debtor, any holder of a claim or equity interest, their respective predecessors, successors, assigns, agents, officers and directors and any other entity affected by this Plan.

8.04    Captions. Article and Section captions used in the Plan are for convenience only and will not affect the construction of this Plan.

8.05    Controlling Effect. Unless a bankruptcy statute or procedure is specified as controlled by federal law, the laws of the State of Minnesota shall govern this Plan and any agreements executed in connection with this Plan.

8.06    Court to Retain Jurisdiction. After the Effective Date, this Court shall retain and have exclusive jurisdiction of all matters arising out of, and related to the Debtor's bankruptcy case or this Plan pursuant to, and for purposes of, subsection 105(a) and section 1142 of the Bankruptcy Code among other things, to: determine any and all disputes relating to administrative expenses, claims and equity interests, including the allowance and amount thereof; enforce or interpret the provision s of the Plan or the order confirming the Plan; determine any and all disputes; consider and allow any and all applications for compensation for professional fees; determine any and all applications, motions, adversary proceedings and contested or litigated matters pending on the Effective Date and arising in or related to the Plan; remedy any defect or omission or reconcile any inconsistency in this Plan; issue such orders, consistent with section 1142 of the Bankruptcy Code, as may be necessary to effectuate the consummation and full and complete implementation of this Plan; hear any other matter not inconsistent with the Bankruptcy Code; and enter a final decree closing the Debtor's bankruptcy case.

8.07    Monthly Operating Reports. The Debtor shall continue to timely file and provide required Monthly Operating Reports to the US Trustee through confirmation of a Plan.

8.08    Notice of Substantial Consummation. The Debtor shall file with the Court a Notice of Substantial Consummation at the time that event occurs as required by 11 U.S.C.

**ARTICLE 9: <u>DISCHARGE, INJUNCTIONS, AND SETTLEMENT OF CLAIMS</u>**

9.01   <u>Discharge</u>. The Court shall grant the Debtor a discharge pursuant to 11 U.S.C. section 1192 of all debts that arose prior to the Petition Date in this case, except any debt (1) on which the last payment is due after the first five (5) years of the Plan; and (2) debts of the kind specified in Section 523(a) of the Bankruptcy Code.

9.02   <u>Discharge</u> shall occur:

    a.   If a Plan is confirmed under 11 U.S.C. § 1191(c) as a consensual plan, the Debtor shall receive a discharge on the effective date of the Plan; or

    b.   If a Plan is confirmed under 11 U.S.C. § 1191(b), the court shall grant a discharge upon completion of the payments to Classes 1, 2 and 3 under the Plan.

Dated this 23rd day of October, 2024.

Respectfully submitted,

FLUEGEL, ANDERSON, MCLAUGHLIN, & BRUTLAG, CHARTERED

<u>/e/ David C. McLaughlin</u>
David C. McLaughlin
Attorney for Debtor
129 2nd St. NW
Ortonville, MN 56278
(320) 839-2549
Attorney License #127383
dmclaughlin@fluegellaw.com

| Strategic Pork LLC | | LIQUIDATION ANALYSIS | | | EXHIBIT A |
|---|---|---|---|---|---|
| **Asset** | Value | Lien | 2nd Lien | Exemption | NE Assets |
| Parcel 1 | $78,000.00 | $78,000.00 | | $0.00 | $0.00 |
| Parcel 2 | $760,000.00 | $331,000.00 | $429,000.00 | | $0.00 |
| Parcel 3 | $40,300.00 | $40,300.00 | | | $0.00 |
| Vehicles/All | $100,000.00 | $100,000.00 | | $0.00 | $0.00 |
| Accounts Receivable | $0.00 | $0.00 | | | $0.00 |
| Skidloader 2021 | $35,000.00 | $35,000.00 | $0.00 | | $0.00 |
| Office Equipment | $5,000.00 | $5,000.00 | | $0.00 | $0.00 |
| Other Equipment | $65,000.00 | $65,000.00 | | | $0.00 |
| Skidloader 2022 | $30,000.00 | $30,000.00 | | | $0.00 |
| **Totals** | **$1,113,300.00** | **$684,300.00** | **$429,000.00** | **$0.00** | **$0.00** |

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re  
    STRATEGIC PORK SOLUTIONS LLC

Case No. 24-31355

Debtor(s).

# SIGNATURE DECLARATION

- ☐ PETITION, SCHEDULES & STATEMENTS
- ☐ CHAPTER 11 PLAN
- ☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
- ☒ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
- ☒ MODIFIED CHAPTER 11 PLAN
- ☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 11 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. [**individual debtors only**] If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. [**corporate and partnership debtors only**] I have been authorized to file this petition on behalf of the debtor.

Date: October 23, 2024

X _____  
Signature of Debtor1 or Authorized Representative

X _____  
Signature of Debtor 2

STEVE HARGIS  
Printed Name of Debtor 1 or Authorized Representative

Printed Name of Debtor 2